**Opinion issued February 13, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00508-CV

———————————

**IN RE HOUSTON PIPE LINE COMPANY LP, ETC KATY PIPELINE, LLC, ENERGY TRANSFER FUEL, LP, AND OASIS PIPELINE, LP, Relators**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relators, Houston Pipe Line Company LP, ETC Katy Pipeline, LLC, Energy Transfer Fuel, LP, and Oasis Pipeline, LP, filed a petition for writ of mandamus challenging the trial court's June 17, 2024 order denying their plea to the jurisdiction

and plea in abatement regarding the "discrimination" claim of real party in interest XTO Energy Inc. ("XTO").[1]

The June 17, 2024 order challenged by relators was signed by the Honorable Jaclanel McFarland. On January 1, 2025, Judge McFarland ceased to hold the office of judge of the 133rd District Court of Harris County. She was succeeded by the Honorable Nicole Perdue.

Accordingly, on January 7, 2025, our Court entered an order substituting Judge Perdue as the respondent in this original proceeding. *See* TEX. R. APP. P. 7.2(a). We also abated this mandamus proceeding in order to allow Judge Perdue an opportunity to reconsider the ruling made the basis of relators' mandamus petition. *See* TEX. R. APP. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.").

On February 5, 2025, relators filed a "Motion to Dismiss Mandamus Proceedings Pursuant to Settlement." They request that this mandamus proceeding be dismissed pursuant to settlement. The motion includes a certificate of conference

---

[1] The underlying case is *XTO Energy, Inc. v. Houston Pipe Line Co., LP, ETC Katy Pipeline, LLC, Energy Transfer Fuel, LP, and Oasis Pipeline, LP*, Cause No. 2021-63124, in the 133rd District Court of Harris County, Texas, the Honorable Nicole Perdue presiding.

2

stating that XTO "does not oppose the relief requested in [relators'] motion." *See* TEX. R. APP. P. 10.1(a)(5), 10.3(a)(2).

We therefore lift the abatement imposed by our January 7, 2025 order, reinstate the original proceeding on the Court's active docket, grant relators' motion, and dismiss this mandamus proceeding in all things. All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guiney and Johnson.